## MYERS & MARCUS *vs.* PICQUET.

In order for a junior mortgage to take precedence of an unrecorded senior mortgage, the junior must be duly recorded within the time prescribed by law.

Mortgages. Before Judge POTTLE. Richmond Superior Court. April Term, 1879.

Reported in the opinion.

J. S. & W. T. DAVIDSON; H. D. D. TWIGGS, for plaintiff in error, cited Code §1957; 53 *Ga.*, 675; 54 *Ib.*, 353, 529, 543; 57 *Ib.*, 347; 53 *Ib.*, 89; 52 *Ib.*, 414; 59 *Ib.*, 256; 54 *Ib.*, 620; 41 *Ib.*, 202; 37 *Ib.*, 392; 5 Otto, 18; 16 Wallace, 271; 47 Me., 513; 40 *Ga.*, 540; 56 *Ib.*, 79; Code, §§3092, 3119; 24 *Ib.*, 305; 25 *Ib.*, 687; 13 *Ib.*, 443; Code, §§2705, 1990; 59 *Ga.*, 466; 4 *Ib.*, 163; 40 *Ib.*, 539.

C. H. COHEN; A. D. PICQUET; J. GANAHL, for defendant, cited Cobb's Dig., 172; Code, §5145; 48 *Ga.*, 461; 49 *Ib.*, 165; 38 *Ib.*, 459.

JACKSON, Justice.

In this case Matilda Picquet held the senior mortgage, but it was not recorded in time; Myers & Marcus held a junior mortgage, also not recorded in time, but recorded two hours before the senior was recorded. These mortgages contested for the proceeds of the property mortgaged, in the hands of the sheriff; the court below gave it to the senior mortgage, and the question is, is that judgment right?

The Code, §1357, declares "mortgages not recorded within the time required remain valid as against the mortgagor, but are postponed to all other liens created or obtained, or purchases made, prior to the actual record of the mortgage." The statute here certified is found in Cobb's Digest, p. 172, and shows to what sort of lien, if created by mortgage, the older, unrecorded in time mortgage is postponed. That statute reads: "Upon failure to record any mortgage as hereinbefore required, within the time or times hereinbefore specified for recording the same, that then, and in such case, all judgments obtained before the foreclosure of said mortgage, and also any mortgage executed after the same, *and duly recorded*, shall take lien on the said mortgaged property in preference to the said mortgage." So that construing the statute and the Code together, as in *pari materia*, it is clear that the younger mortgage must be duly recorded within the time the law requires before it can postpone the elder. Should they be so construed together? Unquestionably, unless the statute is superseded by the Code; for the constitution of 1868 (Code, §5145) continues the statutes "not superseded by said Code, though not embodied therein" as law. This act of 1827 is not superseded by the Code—this section of it, we mean section 33, because it can stand in entire harmony with the Code. For the Code postpones the older mortgage when not recorded, to liens created after its execution, and the statute enacts that if that lien be a mortgage, it must be recorded in time. Both can stand together, and be construed together, and the Code will not be

held by mere implication—and that not a strong much less a necessary implication—to repeal or supersede the statute. We think, therefore, that the older mortgage had the better lien, and that the case was ruled right by the court below.

Judgment affirmed.