BRICE v. LANE, administrator, et al.

An instrument in these words: "$75.00. Georgia, Brooks County. On or by October 1st, after date, I promise to pay Mitchell Brice or bearer seventy-five dollars, with interest from maturity at 8 per cent. per annum, and reasonable charges not less than ten per cent. for attorney's fees if any are incurred in the collection

hereof, hereby waiving and expressly renouncing all homestead and exemption rights, for value received. And to secure the pay· ment of said indebtedness I hereby bargain, sell and convey to the payee of this note, his heirs and assigns, the following property which is expressly declared to be my individual property free from any lien whatever, to wit [description of land]. And in case of failure to pay said indebtedness at the maturity thereof, the payee of this note, his agent, attorney, heirs or assigns, are hereby irrevocably authorized and empowered to seize and take,,possession of said property and to sell the same for cash at public outcry at the justice court grounds of the Tallokas district, after having advertised said property at said court-grounds for ten days by written or printed notice, and apply the proceeds of said sale to the payment of said indebtedness, and all costs of said sale, including ten per cent. additional for further attorney's fees, and the balance, if any, to be subject to my order. And the payee of said note, his agent, attorney, heirs and assigns, are fully authorized to bid at said sale, and to make a fee simple title to said property to the purchaser or purchasers," construed in the light of the pleadings and section 1969 of the code, is not a mere.mortgage with a power of sale, but is a deed and passed the title to the grantee therein named. *Roland* v. *Coleman,* 76 *Ga.* 652; *Gibson* v. *Hough,* 60 *Ga.* 588 ; *Carter* v. *Gunn,* 64 *Ga.* 651.

August 27, 1892.　　　　　　　　　　　　　　*Judgment reversed.*

Deed. Title. Mortgage. Administration. Before Judge HANSELL. Brooks superior court. November term, 1891.

This case was tried before the judge below upon the pleadings. It turns upon the construction of the instrument executed by Martha Strickland to Mitchell Brice, set forth in the head-note. It was recorded before Mrs. Strickland's death. The judge held that this paper was a mortgage and not a deed, and that expenses of administration of the estate of Martha Strickland and bills for medical attendance had priority over it, and should be first paid by her administrator. To this decision Brice excepted.

It appears from the record that Brice was about to sell the land in accordance with the power contained in his deed, when he was enjoined from selling it under the petition of the administrator. The administrator did sell it, and Brice bought it at the administrator's

sale. The administrator compelled him to pay cash for it, and the contest was over the distribution of the fund. Brice claimed that the paper was a deed; that at the date of the transaction, March 11, 1889, Mrs. Strickland was in the most needy circumstances, in bad health, requiring goods and provisions necessary for comfort and to sustain health itself; that he furnished her money from time to time in order that she might pay for medicine as prescribed by her physician during her last illness; that she could not have obtained the same but for this assistance rendered by him, as he believes; and that previous to the administrator's sale the land had been delivered to him by the son of Mrs. Strickland.

J. G. McCALL, by D. W. ROUNTREE, for plaintiff in error.

W. C. McCALL and W. S. HUMPHREYS, by brief, *contra*.