## WALKER *v.* THE BANK OF QUITMAN.

*Lumpkin, J.*—This case is controlled by the decision of this court in *Brice* v. *Lane, adm'r, et al.*, 90 *Ga.* 294.      *Judgment affirmed.*

Submitted November 17,—Decided November 30, 1896.

Appeal. Before Judge Hansell. Brooks superior court. May term, 1896.

I. L. Walker, on October 2, 1894, to secure the payment of his promissory note for $200 due October 1, 1895, executed a conveyance of 245 acres of land in Brooks county, the words of the conveyance being: "I hereby bargain, sell and convey to the payees of this note, their heirs and assigns." The instrument contains the following clause: "And in case of failure to pay said indebtedness at the maturity thereof, the payees of this note, their agent, attorney, heirs or assigns, are hereby irrevocably authorized

and empowered to seize and take possession of said property, and to sell the same for cash at public outcry in front of the court-house door in said county, after having advertised said property at said court-house for ten days by written or printed notice, and apply the proceeds of said sale to the payment of said indebtedness, and all costs of said sale, including ten per cent. additional for further attorney's fees; and the balance, if any, to be subject to my order. And the payees of said note, their agent, attorney, heirs and assigns, are fully authorized to bid at said sale, and to make a fee simple title to said property to the purchaser or purchasers."

Walker remained in possession of the property up to the time of his death, October 31, 1895, and his wife has since been in possession. She applied for a year's support for herself and four minor children, and the appraisers made a return setting apart for this purpose the land so conveyed, in addition to a lot of personal property. Objections to the return were filed by the holder of the conveyance; which having been submitted to the judge without a jury, he held that the instrument was a deed conveying the title, and that the only estate which the heirs of Walker have in the land is the equity of redemption after paying the debt to secure which the deed was given. To this ruling Mrs. Walker excepted.

S. S. Bennet and M. Baum, for plaintiff in error.
C. M. Hitch, contra.