### PARKS *v.* SIMPSON.

1. The special lien of a landlord for money or supplies furnished in making a crop exists, and can be foreclosed as a lien, only on the crops of the year in which the advances are made. A balance of indebtedness for a prior year can not be included in a foreclosure of such a lien, even by agreement of the parties at the beginning of the year that such balance shall be included with the advances of that year.
2. Estoppel can not operate to create a special lien with the right of summary foreclosure, where no such lien exists under the statute.

Submitted December 7,—Decided December 21, 1905.

Certiorari. Before Judge Kimsey. Hall superior court. July 24, 1905.

Simpson instituted a proceeding in a justice's court against Parks, to foreclose a landlord's lien on the crop of the defendant raised in the year 1904, for the sum of $39.29. The defendant filed a counter-affidavit. The case was appealed to a jury in the justice's court. The verdict was in favor of the plaintiff, and the defendant carried the case to the superior court by writ of certiorari. It appeared from the evidence that in the year 1903 the plaintiff had furnished to the defendant supplies, and that about $52 was still due on that account. About the beginning of the year 1904, the landlord told Parks that he would have to foreclose the lien on the corn, fodder, and other products of the latter, to realize the balance which he owed for the year 1903, if he did not make the landlord safe in some way by giving him security or a mortgage. The tenant, Parks, proposed that he would let the balance due on his account for the year 1903 be made a new debt for the year 1904,

and that his crop in the latter year should stand bound for such balance as though it had been furnished in the year 1904. During the year 1904 the landlord furnished $27.50 to aid the tenant in making his crop. So that in the fall the entire debt due, including interest, was $85.39. In December, 1904, the tenant paid $50, without directing how the payment should be applied. The landlord thereupon applied it to the oldest or first part of the account, leaving the balance sued for. On the hearing of the certiorari the presiding judge overruled it and refused a new trial. The defendant excepted.

*Parks & Gaillard,* for plaintiff in error. *W. B. Sloan,* contra.

LUMPKIN, J. (After stating the facts.) The special lien which exists in favor of a landlord upon the crops of his tenant for money or supplies furnished in making such crops is a lien only on the crops of the year in which they are made. Civil Code, §2800, par. 3. Statutes affording summary remedies must be strictly construed. *Porter* v. *Lively,* 45 *Ga.* 159; *Dart* v. *Mayhew,* 60 *Ga.* 104; *Mabry* v. *Judkins,* 66 *Ga.* 732; *Hinton* v. *Goode,* 73 *Ga.* 233. As the statute creates this special lien, with the right of summary enforcement, only under certain circumstances, debts can not be collected in the mode so provided, unless they fall within the terms of such statute. Parties can not by agreement bring other debts than those which the law itself embraces within its scope. The landlord's special lien was only for money and supplies furnished to make the crops of the year 1904, and the parties could not include within it an indebtedness due for the year 1903. It is immaterial that the landlord might have foreclosed a lien for that debt at the proper time. He did not do so. It is urged that the tenant is estopped from denying the landlord's right to proceed summarily to foreclose a lien for the entire amount. A person may estop himself from asserting a lien, but estoppel can not create a special lien, where by the terms of the statute none exists. The operation of an estoppel is negative, not creative. The judgment will be affirmed, with direction that the amount of the verdict in excess of the indebtedness for money furnished during the year 1904 be written off.

*Judgment affirmed, with direction. All the Justices concur.*