### 708. HALL *v.* THE STATE.

1. A valid mortgage can not be made of a crop which has no actual or potential existence at the date of the mortgage. Therefore, where a mortgage was given on a crop planted at the date of the mortgage, but which was subsequently destroyed by natural causes, and a new crop planted, the lien of the mortgage did not attach to any portion of the new crop

2. A conviction under the Penal Code, § 671, could not be predicated on the sale of any part of the crop planted subsequently to the date of the mortgage; but such conviction, to be lawful, must be based on the fraudulent sale of the crop planted before the date of the mortgage.

3. The refusal to charge the jury in accordance with written requests embodying the foregoing principles of law was error.

Indictment for misdemeanor, from Terrell superior court— Judge Worrill. July 27, 1907.

Submitted October 9,—Decided October 29, 1907.

*Raines & Gurr, H. A. Wilkinson,* for plaintiff in error.

*J. A. Laing, solicitor-general, R. R. Arnold, J. B. Ridley,* contra.

HILL, C. J. The indictment in this case is for a violation of the Penal Code, § 671. The evidence for the State showed that the defendant executed a mortgage to the prosecutor, dated April 16, 1906, covering his crop for 1906; and, without the consent of the prosecutor, sold his crop when gathered, and appropriated the proceeds to the payment of other indebtedness, leaving the mortgage unpaid, and that thereby the mortgagee sustained loss. The defendant contended that the crop covered by the mortgage was first planted in March, 1906, but, while growing, it was nearly all destroyed by a hailstorm, which occurred May 1, 1906. Subsequently to this storm and the destruction of the crop, a new crop was planted, and harvested and sold by the defendant. The evidence does not clearly show how much of the old crop which was covered by the mortgage escaped destruction and came to maturity and was gathered and sold by the defendant; but there was evidence which tended to prove the contention of the defendant that the amount realized from the old crop was not sufficient to pay liens prior in dignity to the mortgage. The jury solved the facts against the defendant; and we are asked to grant a new trial, on the general grounds, and because the court erred in refusing to charge, in accordance with written requests, as follows: (1) "The mortgage given to J. W. F. Lowry to secure his debt due

him by J. H. Hall is not a good and valid mortgage, unless the crops were planted at the time said mortgage was made and executed." (2) "You would not be authorized to convict the defendant unless the mortgage given by him to J. W. F. Lowry was a valid mortgage." (3) "The burden is on the State to show that the mortgage is valid."

Under the evidence in the case, the foregoing requests were pertinent and legal and should have been given by the court. It is well settled that there can be no valid sale or mortgage of a crop until it is planted. The crop must have an actual or potential existence at the date of the mortgage. *Redd* v. *Burrus,* 58 *Ga.* 575; *Crine* v. *Tifts,* 65 *Ga.* 644; *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 201 (37 S. E. 485, 81 Am. St. R. 28). If the crop which was planted before the mortgage was executed was in fact largely destroyed by the hailstorm which took place, the mortgage lien remained only as to the portion of that crop which had escaped destruction; its lien did not attach to the crop that was planted subsequently to its date, and if this part of the crop was not sufficient to pay those liens which were prior in dignity to the mortgage lien, then the defendant could not be legally convicted under the Penal Code, § 671. Certainly the crop planted subsequently to the date of the mortgage was not subject to it, and the mortgagor could not have incurred any criminal liability to the mortgagee for its sale. There being some evidence in the record which would have sustained the foregoing contentions of the defendant, he was entitled to have the law embodied in his request, applicable thereto, submitted to the jury by the court, and the refusal to do so was error.                    *Judgment reversed.*