## 1933.  FOUNTAIN *v.* FOUNTAIN.

1. A cropper has a mortgageable interest in the growing crops which he is cultivating.
2. An unrecorded mortgage on a growing crop, made by a cropper to a third person for a valuable consideration, can not be defeated by applying a portion of the mortgaged property to an indebtedness existing at the time the mortgage was made, even though the application be made with the consent of the tenant and to one without actual notice of the mortgage.
3. A new trial must be granted because of errors in the charge of the court.

Levy and claim; from city court of Ashburn—Judge Hawkins. April 24, 1909.

Submitted July 16, 1909.—Decided February 10, 1910.

*R. L. Tipton,* for plaintiff in error.

*J. A. Comer, W. T. Williams,* contra.

RUSSELL, J.  On July 10, 1907, J. F. Smoot mortgaged to Charlie Fountain the following property: "All my interest in ten acres of short-staple cotton, now growing on place owned by Archie Fountain; said cotton being worked on halves by me, half of said crop being owned by me, and at my disposal."  This mortgage was recorded on September 28, 1907, and was foreclosed and the fi. fa. levied on the mortgaged property on October 28, 1907. After the levy Archie Fountain, the landlord, filed a claim to the property.  The jury rendered a verdict against the claimant, finding in favor of the mortgage; and he made a motion for a new trial, the overruling of which is the subject-matter of the writ of error to this court.

1.  The landlord contends that the verdict against him is contrary to law, for the reason that at the date of the mortgage the cropper did not have a mortgageable interest in the crop.  Since, under the Civil Code, § 3129, the title, right of possession, and right to control the crop remain in the landlord until he has received his part of the crop and is fully paid for all advances made by him to aid in making the crop, it is argued that at the date of the mortgage the cropper had only a contingent possibility, incapable of being mortgaged.  We are of the opinion that the cropper has a property interest in the growing crop.  It is true he does not have the legal title, nor the right of possession or control; but that he has an interest is clearly shown by section 3131 of the Civil Code, which provides, "The title to the crop, subject to the *interest*

[italics ours] of the cropper therein, and the possession of the land remain in the owner." It is the rule that any interest in property, whether it be a legal interest or a mere equity, may be mortgaged. 20 Am. & Eng. Enc. Law (2d ed.), 915. It is true that the cropper has only a contingent interest in the crops until the landlord has received his share thereof and has been fully paid for all advances, but there is no reason why this interest should not be mortgaged.

2. The court held that the landlord could not apply any portion of the cropper's share of the crops toward the extinguishment of an indebtedness from the previous year, so as to defeat the lien of the mortgage, even though this application was made with the consent of the cropper and before the landlord had actual or constructive knowledge of the existence of the mortgage. The lien of the landlord covered only the indebtedness for supplies made during the year for the purpose of raising the crop of that year. Civil Code, § 3129; *Parks* v. *Simpson,* 124 *Ga.* 523 (52 S. E. 616). The mortgage was postponed to this statutory lien, but otherwise the landlord stood, as to the mortgagee, in the same position as a third person. He had no more right to defeat the mortgage by taking the mortgaged property in discharge of a previous indebtedness than would a third person. The general rule is that one who takes property in discharge of an existing indebtedness is not regarded as a purchaser for value, and it is only as to such a purchaser that an unrecorded mortgage on personalty is invalid. Civil Code, § 2727. Compare *Cofer* v. *Benson,* 92 *Ga.* 793 (19 S. E. 56); *Howard* v. *Rumble,* 4 *Ga. App.* 327, 328 (61 S. E. 297); *Conder* v. *Holleman,* 71 *Ga.* 93. One object of all recording acts is to put prospective purchasers on notice, but before a person can take advantage of the failure to comply with the act, he must show that he is within the class for whose benefit it was enacted. Applying this test to a person who takes the property on an existing indebtedness, it can not be said that he has been injured by the failure of the mortgagee to place the mortgage on record.

3. We come now to a consideration of certain portions of the judge's charge which are mandatory cause for a new trial. He instructed the jury as follows: "I charge you, gentlemen, that where one is employed to work for part of the crop, the relation of landlord and tenant does not arise, the title is subject to the interest

of the cropper, and the possession of the land remains in the owner." It is evident that the judge had in mind section 3131 of the Civil Code, which reads as follows: "The title to the crop, subject to the interest of the cropper therein, and the possession of the land remain in the owner." Nowhere did the judge charge the jury that the "title to the crop, subject to the interest of the cropper therein, remains in the owner." The charge was an incorrect statement of the law, was misleading and confusing, and might have misled the jury, to the prejudice of the landlord. He furthermore charged as follows: "If you should believe that there was more raised on this place by Mr. Smoot than it took to discharge Mr        Fountain's half and to pay for all the supplies furnished in the year 1907 by him, then, if there was an overplus, the mortgage would be good so far as that would go, provided you believe that the mortgage was given for supplies furnished by Mr. Charlie Fountain to Mr. Smoot during the year 1907." The inaccuracy in this charge is that it says, if more was "raised" on the land than it took to discharge the indebtedness to the landlord, etc.; without going further and saying, if the landlord was actually paid his indebtedness. As is pointed out by counsel for the plaintiff in error, under these instructions it would make no difference whether the cropper ever turned over to the landlord his half of the crop, or paid the landlord for the supplies and advances made to raise the crop, but all the cropper would have to do would be simply to raise sufficient for these purposes, and if he did that, he could defeat the landlord's lien. The correct principle is laid down in section 3129 of the Civil Code, and the judge should give the language of that section, or its substance.

It might be that the inaccuracies in the portions of the charge referred to above would not necessitate the grant of a new trial, if they were the only errors appearing in the record; but when taken in connection with the instruction to which exception is taken, as set out below, a new trial must be granted. According to the evidence of the cropper, he had applied to the landlord for supplies, and the landlord had refused to furnish them, and then he went to the mortgagee, and got them. The judge charged: "If you should find from the testimony in the case that Mr. Archie Fountain refused to furnish supplies, and that Mr. Smoot was thereby forced to get supplies from another, I charge you he would

have a right to do so, if you should believe that existed from a preponderance of the testimony, the man he got them from would stand in the relation of landlord and cropper, the same as Mr. Archie Fountain, if the supplies were refused to be furnished by the landlord." We know of no law which authorizes a cropper to create a landlord's lien in favor of a third person by purchasing supplies which his landlord has refused to furnish him. If this were the law, croppers would not have to execute mortgages or give liens of any kind, but could simply demand advances from their landlords, and, if they refused them, could apply to third persons and create liens on the crops which would defeat the rights of the landlords. This instruction was particularly harmful to the plaintiff in error, in view of the state of the testimony; and a new trial must be granted. *Judgment reversed.*