*E. S. Longley,* for plaintiff in error.

*J. C. Hale, W. H. Krause,* contra.

---

3592.  FLETCHER GUANO CO. *et al. v.* VORUS.

The special lien of a landlord for supplies furnished to make the crop exists only against the particular crop which the supplies were furnished to make; but where the landlord at the beginning of a year advances to his tenant corn and similar products, and at the end of the year the tenant has on the place an adequacy of like products with which to repay the advancement, but needs them in order to make the next year's crop (the relation of landlord and tenant continuing for another year), and it is agreed between the landlord and the tenant that the latter, instead of delivering the products to the landlord, shall keep them and use them to make the second year's crop, and the tenant does so, the landlord has a lien as to them upon that year's crop.

DECIDED JANUARY 15, 1912.

Money-rule; from city court of Lumpkin—Judge Hickey. June 26, 1911.

*G. Y. Harrell,* for plaintiffs in error.  *T. T. James,* contra.

POWELL, J. The case arises on money-rule to determine the rank and validity of certain liens claimed by various creditors upon the proceeds arising from judicial sale of the crops raised in the year 1910 by a tenant upon a plantation of Miss Vorus, the defendant in error. The case, as presented in this court, narrows to a single question: Did Miss Vorus have a valid landlord's lien for supplies? The facts are as follows: At the beginning of the year 1909, she furnished to this tenant corn, fodder, cottonseed, and cane, as crop supplies for that year. These articles were consumed, of course, during the year, but at the end of the year the tenant had

enough corn, etc., to have replaced them. However, he was to remain on the place as a tenant for the year 1910, and would need these articles to make that year's crop. So it was agreed that he should keep them and repay out of his crop for 1910. For these things Miss Vorus claims the landlord's lien, and the other creditors say that she has no lien as to them, because the supplies were furnished for the crop of 1909, and not for the crop of 1910.

The ordinary rule among creditors is that equality is equity. Hence, laws giving special liens are strictly construed; and the person claiming a special lien must show that he is plainly within the law under which he asserts it. Nevertheless, common sense must prevail as to this, as well as in regard to other propositions of law and of equity. The law gives a landlord a special lien on the crops of his tenant for such necessaries as the landlord may furnish in order to make that crop. Back debts due from the tenant to the landlord can not, by any agreement between the parties, be counted as advances to make any new crop. No tacking is to be allowed; no estoppel can raise the lien. *Parks* v. *Simpson,* 124 *Ga.* 523 (52 S. E. 616). Cf. *Fountain* v. *Fountain,* 7 *Ga. App.* 361 (66 S. E. 1020). And under the decision in *Parks* v. *Simpson,* supra, if the tenant at the end of the year 1909 had simply said to his landlord, "I can pay you now, but let the indebtedness go over, to be paid out of next year's crop," and the landlord had acquiesced, no lien would have arisen. But law and common sense both differentiate that case from the case at bar. In this case the corn, etc., furnished the tenant in 1909 were to be repaid in kind (though, perhaps, that makes no great difference), and at the end of the year there was in the crib and other places of storage, ready to be delivered, if called for, more than enough corn, etc., to make the repayment. The landlord's agent went to the place to arrange this matter and to make contracts for the coming year. The rent for the year 1910 was agreed on. The landlord's agent said to the tenant, "I suppose you will need that corn, fodder, hay, cottonseed, and sugar cane in making another crop." The tenant replied in the affirmative. The agent then told him to go ahead and use it and to repay it out of the 1910 crop. This transaction amounted to constructive delivery of the corn, etc., from the tenant to the landlord, and redelivery from the landlord to the tenant. If there had not been enough of these articles on hand to repay the

landlord, the case would be entirely different. There could be no constructive delivery of a shortage; nor could there be a delivery of supplies to make the .1910 crop, by construction or otherwise, through counting a failure to pay for 1909 supplies, or the debt arising from the failure to pay as if it were supplies for 1910. But here the supplies, the things necessary to make the 1910 crop, were on hand at the very place where the tenant could most expediently use them. It was not necessary, in order to satisfy the law and to create a lien, that the tenant should put the corn out of the crib, move the fodder stack, tear up the cane bed, and go through some form of trying to put them into the landlord's hands, and then have the landlord turn them back into his hands, whereupon he would have to put the corn back into the crib, move the fodder stack back, and bed the cane again. This would be nonsense. People would laugh at the law if it required any such thing. The law recognizes constructive delivery in such cases, just as people do. The trial judge held correctly.

*Judgment affirmed.*