## 13911.  THORNTON *v.* HINSON.

JENKINS, P. J.   1. Under the evidence submitted, the jury were clearly authorized to find that the relationship existing between the plaintiff and the defendant was that of landlord and cropper.  They were authorized, if not compelled, to find that under the contract the crops, which were to be divided equally, were to be cultivated under the authority and direction of the plaintiff, and that the premises remained in his possession and under his control.   *Souter* v. *Cravy*, 29 *Ga. App.* 557 (116 S. E. 231).  The proceeding in trover was therefore maintainable.

2. The item of $117.96 included in the money verdict was properly allowed.  It is well settled that the landlord has no lien on the crops of a tenant, and no title to the crops of his cropper for advances, except upon the crops of the year that the advances were furnished to make.  *Parks* v. *Simpson*, 124 *Ga.* 523 (52 S. E. 616).  Parties can not by contract create artificial liens clothed with the priorities and entitled to be summarily enforced in like manner as the special and peculiar claims thus expressly provided for by the statute.  But where, as here, it appears that at the close of the preceding year the cropper turned over to the landlord the latter's half portion of the crop, and thereafter the landlord advanced the produce thus received back to his cropper at an agreed valuation, to aid in making the crop of the following year, the transaction, if bona fide, must be taken as intended, and not as an attempt to carry over and include a past indebtedness in the advances made for the succeeding year.  *Fletcher Guano Co.* v. *Vorus*, 10 *Ga. App.* 380 (73 S. E. 348).

*Judgment affirmed.  Stephens and Bell, JJ., concur.*

DECIDED APRIL 14, 1923.

Trover;  from  city  court  of  Hazlehurst — Judge  Henson.  August 5, 1922.

*Newton Gaskins,* for plaintiff in error.