20364.   DAWSON NATIONAL BANK *v.* BANK OF DAWSON
*et al.*

DECIDED NOVEMBER 15, 1930.

*H. A. Wilkinson,* for plaintiff in error.

*M. C. Edwards,* contra.

JENKINS, P. J. (After stating the foregoing facts.)

Were the validity of the mortgage of the Dawson National Bank to be assumed, we think its claim would be superior to that of the Bank of Dawson, since a landlord's lien for supplies furnished relates to the crop made during the year for which the advances are

made, and the original corn and hay which purported to have been "rented" to the tenant under the three-year lease contract, dated October 29, 1927, did not result in a lien on the crops made by the tenant for the year 1929, and could not subsequently be made to operate so as to create a lien on crops then growing, by virtue of the original advance of the preceding year. The effort to do so does not come within the rulings in *Fletcher Guano Co.* v. *Vorus,* 10 *Ga. App.* 380 (73 S. E. 348), and *Thornton* v. *Hinson,* 30 *Ga. App.* 200 (2) (117 S. E. 273). Especially would this be true as against a valid prior mortgage on the crop in favor of a third party.

Prior to the act of the General Assembly approved July 15, 1924 (Ga. L. 1924, p. 125; Park's Code Supp. 1926, § 3256 (a)), there could be no mortgage on a crop until it was planted. *Bank of Cusseta* v. *Ellaville Guano Co.,* 143 *Ga.* 312 (85 S. E. 119); *Hall* v. *State,* 2 *Ga. App.* 739, 740 (59 S. E. 26). But under the provisions of the act cited, a crop mortgage may be given before the crop is actually planted, where it is executed, and the mortgage so stipulates, to secure advances for the purpose of making and gathering the crop. A mortgage on crops not in esse or in potential existence is still invalid where not given to secure advances for the purpose of making and gathering such crops, or where it is not so stipulated in the mortgage. In the instant case, while the mortgage stipulates that it was given to secure advances made for the purpose of making and gathering the crops of 1929, the testimony of the cashier of the Dawson National Bank indisputably shows that such was in fact not the case, but that the mortgage was made to secure some undescribed old indebtedness previously owing to the bank by the mortgagor. Accordingly, since the mortgage was void, the Dawson National Bank had no lien thereunder on the proceeds of the crop for the year 1929. This being true, it can not be heard to complain of the judgment in awarding the funds to another claimant, irrespective of whether or not the lien of the other claimant was valid. *Nussbaum* v. *Waterman,* 9 *Ga. App.* 56 (70 S. E. 259); *Reynolds* v. *Tifton Guano Co.,* 20 *Ga. App.* 49, 51 (92 S. E. 389).

Even though, as contended by the Dawson National Bank, it occupied the position of landlord by virtue of being in possession, without an assignment, of the original lease agreement, and being the transferee of the rent note given thereunder for the year 1929,

such relation would not alter the case, since the claim of the Dawson National Bank is based upon a lien under its mortgage, and it appears from the record that it has received full payment of the rent note for 1929, and for all supplies furnished by it to make the crop of that year. We think, therefore, that the finding of the trial judge should be sustained.

*Judgment affirmed. Stephens and Bell, JJ., concur.*