23719. First Joint Stock Land Bank v. Moultrie Banking Company et al.

Stephens, J. 1. A bill of sale of crops not growing and before planting is invalid and passes no title to them unless the consideration therefor is advancements made for the cultivation of the crops. *Bank of Cusseta* v. *Ellaville Guano Co.*, 143 Ga. 312 (85 S. E. 119) ; *Hall* v. *State*, 2 Ga. App. 739, 740 (59 S. E. 26) ; *Dawson National Bank* v. *Bank of Dawson*, 42 Ga. App. 300 (155 S. E. 791).

2. Where crops have been levied on and sold under an execution based upon a foreclosure of a bill of sale of the crops, made to secure advancements for their cultivation, and the plaintiff in execution has caused a rule to be issued against the levying officer for the payment of the money in his possession derived from the sale of the crops, an intervention filed by another creditor in which it is alleged that he had foreclosed a bill of sale from the same debtor to the same crops, to secure a debt representing past-due interest and principal due the intervenor and secured by deed to secure debt to the lands upon which the crops were grown, and therefore was not given as security for advances made for the cultivation and harvesting of the crops levied on, and in which it is alleged that when the bill of sale to the crops was made to the intervenor to secure the indebtedness just described "the planting of said crops was then in process and a part of said crops described in the bill of sale had already been planted," the intervention, in failing to show what part of the crops had already been planted when the bill of sale was executed, fails to show what part of the crops described in the bill of sale had been planted, and therefore fails to show a valid bill of sale which passes title to the crops. It does not appear that the execution issued on the foreclosure of this bill of sale was a lien on the crops and superior to the execution issued on the foreclosure of the bill of sale given for the advancements in making and harvesting the crops, sold by the levying officer, who was in possession of the proceeds therefrom.

3. Where the property levied on consisted of 112 bales of cotton which represented a portion of the crop raised on the lands described, and which had been gathered, the description of the crops conveyed in the bill of sale to secure the advancements made by the plaintiff for the cultivation and harvesting of the crops, in which is described the property as all the crops "now planted and growing and to be planted and grown" on described land, and that the crops consisted of 300 acres of cotton and other described crops, and also "all other crops grown on said farm," was a description of the property sufficient to satisfy the requirements as to the description of personal property in a chattel mortgage, or in a bill of sale to crops to secure advancements for cultivating and harvesting crops as provided by the act of 1926 (Ga. L. 1926, pp. 44, 45). See also Ga. L. 1925, p. 118; Ga. L. 1924, p. 125.

4. The court did not err in sustaining the demurrer to the petition of the intervenor and in making the rule against the levying officer absolute.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

Decided September 29, 1934.

*R. S. Roddenbery Jr.,* for plaintiff in error.
*John T. Coyle, L. L. Moore,* contra.