27786. LEE *v.* PAYNE.

*H. T. Oliver*, for plaintiff in error.  *J. K. Telford*, contra.

GUERRY, J.  Mrs. Payne foreclosed her landlord's lien for supplies furnished to Harley Lee, her tenant, for the year 1938.  She alleged that she furnished "corn, fodder, and money" for the purchase of supplies for the purpose of making a crop, all of the aggregate value of $165.81.  The tenant, in his counter-affidavit, denied that he owed the landlord any sum whatever for advances made to him in making the 1938 crop.  The evidence for the plaintiff was that Harley Lee was her tenant in the year 1937, and that upon a settlement at the end of the year Harley Lee owed her a balance of $165.81 on advances furnished to him in making a crop during the year 1937, and she had an agreement with him whereby "he was to keep the corn and fodder" he then had, to make a crop on during the year 1938.  She did not know how much it was; did not measure it.  Her daughter testified: "He said he had corn and fodder for the year coming; and that if she would let him keep that, he would continue with the crops for the year 1937 [1938?], and if she had to have her money that he had nothing but corn and fodder. . . We didn't know how much corn he had, and he said so many bundles of fodder.  He said he would sell the corn and fodder and pay *on* the $165.81 [italics ours] if mother had to have the money, but he would like to keep it and make the crop and he would pay her out of the government checks. . . He said he did not have enough to pay it [the debt] then."  The defendant admitted that he owed the plaintiff $165.81 as a balance on supplies furnished him for the year 1937, and that he agreed to give her a note for it.  He testified further that at the end of 1937 he told the plaintiff that "if she didn't let me keep the crop and supplies on hand I would either have to move off and leave or she would have to furnish me for the year 1938. . . She said she would let me keep these supplies to make this year's crop with, if I would give her a mortgage note."  The defendant showed by his evidence that at that time he had about fifty bushels of corn and nine hundred bundles of fodder.  The court directed a verdict for the plaintiff for $165.81, and the defendant excepted.

No lien existed on the crops raised in the year 1938 for a debt for a balance due on advances furnished in 1937.  The lien fore-

closure alleged that corn and supplies of the value of $165.81 were furnished to the tenant during the year 1938, for the making of the crop that year. While the evidence of the plaintiff may have been sufficient to show that she did in fact furnish certain corn and fodder to the tenant, her evidence failed to show the amount or its value. In her foreclosure she alleged that she furnished corn and supplies of the value of $165.81. Her case was dependent on proof of this allegation; and unless she showed that she furnished to her tenant, as advances for the year 1938, in making his crop for that year, corn and supplies of the value of $165.81, she failed to prove her case as laid. The jury may have been authorized by the evidence to render a verdict for the value of the corn and fodder actually furnished, if its amount and value had been shown. There was no evidence authorizing the direction of a verdict for $165.81, the amount of the debt for supplies furnished in 1937. The plaintiff, under the decision in *Fletcher Guano Co.* v. *Vorus,* 10 *Ga. App.* 380 (73 S. E. 348), may have constructively delivered to the defendant the corn and fodder as advances; but if, as contended by him, he had only fifty bushels of corn and nine hundred bundles of fodder, the plaintiff was entitled to a lien only to the amount of the value of such corn and fodder, and it was incumbent on her to show the value of such produce. The fact that the tenant owed $165.81 is not proof that the corn, whether one bushel or fifty bushels or five hundred bushels, was worth that much. It nowhere appears from the evidence that there was any agreed value of the corn which is alleged to have been constructively delivered by the plaintiff to the defendant; nor is it shown how much corn was delivered, except from the testimony of the defendant himself. A directed verdict for $165.81 was neither demanded nor authorized by the evidence, and the court erred in so directing.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*