## 2402.   COWART *v.* DEES.

1. The defendant, having admitted in his answer that he was in possession of the property in dispute, was estopped from asserting that the description of the articles which he admitted to be in his possession was insufficient for the purpose of identification. Especially is this true where the articles are of such a nature as not to be capable of minute and specific description, as is the case of ears of corn, bundles of fodder, sweet potatoes, and syrup.
2. The evidence authorized the verdict, and the defendant can not complain that the plaintiff voluntarily wrote off a portion of the verdict rendered in his favor.
3. Where the relation of landlord and cropper exists, the title to the crop vests in the landlord and may be asserted by trover. In such a case the jury may find a verdict awarding the possession of the property in dispute to the plaintiff, and subjecting him to the prior payment of an indebtedness due by him to the defendant. Such a verdict is not void, as being too vague, indefinite, and uncertain for enforcement by judgment.

Trover; from city court of Nashville—Judge R. Eve presiding. December 3, 1909.

Submitted March 24,—Decided April 6, 1910.

*J. W. Powell,* for plaintiff in error.   *J. P. Knight,* contra.

RUSSELL, J.   Dees brought an action of trover against Cowart for 25 bushels of corn in the ear, 800 bundles of fodder, 15 bushels of sweet potatoes, and 40 gallons of syrup, which he alleged were of the total value of $60.50 and of the yearly value of $10 for hire.   If a more specific description of the articles sought to be recovered was originally necessary, it was waived by the defendant's admission that he was in possession of the identical articles which the plaintiff sought to recover.   Certainly if the defendant admitted that he was in possession, and identification was sufficient for that purpose, he could not be heard to say that the description was insufficient to put him on notice, or so vague as to prejudice his rights.

By the defendant's answer the issue was reduced to a single question: Was the title of the property in dispute in the plaintiff, or in the defendant?   This point was not made very clear upon the examination in chief of the plaintiff; because the title depended upon whether the defendant was a cropper or a tenant.   If Dees was landlord and Cowart was his cropper, the title to the crop was in Dees until Cowart had paid his rent and any advances made

by Dees to Cowart to aid in making the crop. If, on the other hand, Cowart was a tenant of Dees, then the title to the crop was in Cowart. *Teel* v. *State,* ante, 600 (67 S. E. 699). Prior to the motion to nonsuit, the testimony in behalf of the plaintiff did not disclose the relationship of the parties, and the trial judge would have been authorized to award a nonsuit. · The court, however, had the discretion to reopen the case for further testimony; and this discretion we will not control. When the case was reopened, the plaintiff's testimony was to the effect that Cowart was a cropper of Dees, and therefore the title to the crop was in Dees. The defendant introduced testimony to the contrary, it is true, but this issue of fact was settled in the plaintiff's favor by the verdict. The plaintiff's evidence authorized the jury to find that Cowart was his cropper and had not paid for advances or settled with the landlord in full.

The jury returned a verdict awarding the plaintiff possession of all the property sought to be recovered, subject to a payment of $12.55, or a credit of that amount in the defendant's favor. The verdict reads as follows: "We, the jury, find the verdict in favor of the plaintiff, less $12.55, this Oct. 20th, 1909." It is contended that this verdict is too vague and indefinite to be the basis of a judgment. We do not think this contention is sustainable. Verdicts are to be upheld if, reasonably construed, they are susceptible of a definite meaning. We think that by this verdict, reasonably construed, the jury plainly intended to find that as landlord the plaintiff was entitled to possession of all of the property sued for, but that the defendant had a just claim against him for $12.55. In this view of the case, the court had the right to sustain the verdict as being sufficiently definite to be the basis of a judgment. It has several times been held that the defendant might be allowed deductions or counter-claims from the amount recovered in an action of trover, where the plaintiff elected an alternative verdict in damages in lieu of recovery of the identical property. While trover is an action to recover for a tort, and generally a right arising ex contractu can not be set off against the tort, still, in those cases where title is vested for a particular purpose, or is defeasible in certain contingencies, a different rule prevails, and matters growing out of the transaction itself and tending to limit the plaintiff's title may be pleaded in defense of the plaintiff's right. *Harden* v.

*Lang,* 110 *Ga.* 392 (36 S. E. 100); *Rogers* v. *Otto Gas Engine Works,* ante, 587 (67 S. E. 700). It is true that in this case the plaintiff asked the possession of the property mentioned, instead of an alternative verdict in damages; but if the jury thought that, in the settlement between the landlord and the tenant, the tenant was entitled to the credit of $12.55, we see no reason why it could not be allowed as well where a recovery of a specific property was asked for as if the recovery had been in the nature of damages.

The defendant can not complain that the plaintiff took judgment upon the verdict for the corn alone, omitting the fodder, sweet potatoes, and syrup. The action of the plaintiff in writing off so much of the verdict as related to these latter articles was beneficial to the defendant. Even if it had been erroneous, there must have been not only error but injury, to entitle the defendant to complain. *Judgment affirmed.*