6837. WAY *v.* BAILEY.

Where a landlord seeks by bail-trover against his cropper to recover property, the title to which the plaintiff holds merely as security for supplies furnished, or other debt, and he elects to take a money verdict, he can not recover more than the amount of the debt for which the property stands as security.

DECIDED MAY 2, 1916.

Trover; from city court of Dublin—Judge Hicks.  July 7, 1915.
*Camp & Twitty,* for plaintiff in error.  *W. C. Davis,* contra.

BROYLES, J.  This case was a trover suit against the plaintiff's
cropper, for the conversion of cotton and corn, grown upon the
plaintiff's land, and to the possession of which he was entitled
under sections 3705 and 3707 of the Civil Code (1910).  It is
certified by the trial judge (ground 2 of the amendment to the
motion for a new trial) that "the evidence discloses that Way, as
cropper, at the time of disposing of said cotton, was only due the
said Bailey for supplies or otherwise, a sum much less than value of
property, while the court permitted the plaintiff to have judgment
for the entire value of the two bales of cotton, weighing 500 pounds
each, at 13·1/2 cents per pound;" and, as set forth in ground 4 of
the amendment to the motion for a new trial, "the court expressly
at the time of giving judgment stated that it was rendering the
same on the basis of the highest proven value of the cotton, irre-
spective of the indebtedness of Way as cropper to Bailey as land-
lord."

We think this case was tried upon an erroneous theory.  As was
said by Mr. Justice Lumpkin in *Bell* v. *Ober,* 96 *Ga.* 218 (23 S. E.
7) :  "A creditor's recovery from his debtor in an action of trover
for converting collaterals can not· exceed the amount of the debt
with legal interest.  Section 3077 of the Code [Civil Code of 1910,
§ 4514], which declares that in estimating the value of personalty
unlawfully detained, the plaintiff may recover the highest amount
which he can prove between the time of the conversion and the
trial, can be applied in a case like this only where it affirmatively
appears that the debt will not be overpaid by a recovery so meas-
ured.  In no case can a plaintiff in an action of trover, for the
wrongful conversion of his security, recover more for the loss
thereof than he could recover were his action founded directly on
his debt or demand."  See also *Atlantic Coast Line R. Co.* v. *Gor-
don,* 10 *Ga. App.* 311, 314, 315 (73 S. E. 549) ; *Cowart* v. *Dees,*
7 *Ga. App.* 601, 602 (67 S. E. 705) ; *Young* v. *Durham,* 15 *Ga.
App.* 678 (84 S. E. 165), and cases there cited.

The court erred in rendering a judgment for the plaintiff for
the highest proved value of the property.    *Judgment reversed.*