13518.   ELDER *v*. FIRST NATIONAL BANK OF JEFFERSON.

JENKINS, P. J. On the trial of an issue made by a claim of a bank to certain bales of cotton stored in a warehouse and levied on under a landlord's special lien for supplies, the judge directed a verdict in favor of the claimant. The only evidence adduced at the trial upon the question as to where the cotton levied on was raised was that of the defendant in fi. fa., who swore positively that it was grown by him on land other than that of the landlord foreclosing the lien. The landlord, whose entire evidence impresses with his candor and conscientiousness, swore that he did not know where the cotton was grown. The entire evidence upon the question of the good faith of the claimant in acquiring title to the cotton without knowledge or reasonable

ground to suspect the existence of such a lien was likewise in favor of the claimant bank. *Held*:

1. The landlord's special lien for supplies furnished his tenant to aid in making crops extends only to and upon the crops raised by his tenant during the year in which such advances were made. Under the undisputed evidence in this case as above set forth, the landlord failed to establish such a lien.

2. " So far as the general and special statutory liens in favor of the landlord go, a bona fide purchaser, without notice, of a crop grown on rented premises is protected." *DeLaigle* v. *Shuptrine*, 28 *Ga. App.* 380, 381 (110 S. E. 920), and cases there cited. The pledgee and the transferee of a warehouse receipt, to the extent of the loan made simultaneously with the pledge, receiving the same as collateral to secure a bona fide loan, stand in the same position as a bona fide purchaser for value of the property represented by the receipt. *Bank of Sparta* v. *Butts*, 4 *Ga. App.* 308 (61 S. E. 298); *Booze* v. *Neal*, 6 *Ga. App.* 279 (64 S. E. 1104). Under the undisputed evidence in this case, the claimant stood in the position of a bona fide holder for value.

3. In accordance with the foregoing principles of law, and in view of the undisputed evidence in this case, the court did not err in directing a verdict for the claimant.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

Decided February 8, 1923.

Levy and claim; from city court of Jefferson — Judge Bryson. March 24, 1922.

*Ray & Ray,* for plaintiff. *Cooley & Beall,* contra.

