### 13722.  SOUTER *v.* CRAVY.

JENKINS, P. J.  1. The fundamental distinction between the relationships of landlord and cropper and landlord and tenant is in the fact that the status of cropper is that of a laborer who has agreed to work for and under the landlord for a certain proportion of the crop as wages, but who does not thereby acquire any dominion or control over the premises upon which such labor is to be performed, the cropper having the right merely to enter and remain thereupon for the purpose of performing his engagement; whereas a tenant does not occupy the status of a laborer, but under such a contract acquires possession, dominion, and control over the premises for the term covered by the agreement, usually paying therefor a fixed amount either in money or specifics, and in making the crop performs the labor for himself and not for the landlord. The vital distinction is in whether the person making the crop does so as a laborer upon the premises controlled by the landlord, or whether he performs the work for himself upon premises over which he has possession and control. Where in any given case it is necessary to determine which of these relationships exists, the general rule is applicable that the true intention of the parties should be given effect. The fact that under the terms of the contract the person making the crop is to receive a designated proportion thereof constitutes one of

the distinctive earmarks going to establish the status of a cropper; and whenever under the terms of the contract he is thus " employed to work for part of the crop," his status as a cropper thereby becomes fixed. Civil Code (1910), § 3707. It is possible, however, for a contract of landlord and tenant to be entered upon whereby the person renting and taking over the land is to pay therefor a certain fixed proportion of the crops which shall be made thereon during the term of the tenancy, provided that the relation of employer and employee does not exist, and provided that the person making the crop is to receive possession and control of the premises. In the instant case, while there is evidence going to show that the crop was to be divided in a designated proportion between the landlord and the person making the crop, there is nevertheless evidence sufficient to establish that the defendant obligated himself to pay the portion of the crop going to the landlord as " rent;" that under the contract he was not only to furnish the labor, but also became obligated to furnish the greater portion of the seed and the fertilizer to be used in making the crops; that under the contract he exercised dominion and control over the premises; and that in making, handling, and disposing of the crops he exercised the same authority and control, even to the extent of dealing independently with third persons for the working of a portion of the premises. It thus appears that the evidence authorized a finding that the contract as entered upon and as subsequently executed by the parties was treated as that of landlord and tenant, even to the extent that the defendant in filing his counteraffidavit to the plaintiff's distress warrant for rent did not question or deny such relationship, but on the contrary sought under his pleadings and by his evidence in such proceeding to establish the fact of non-liability by virtue of full payment and performance on his part.

2. The motion for new trial includes only the general grounds. It cannot be said as a matter of law that the evidence absolutely failed to authorize a verdict for the plaintiff in the amount of the verdict rendered.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 13, 1923.

Distraint; from Worth superior court — Judge Eve.    May 27, 1922.

*Passmore & Forehand,* for plaintiff in error.
*Perry & Tipton,* contra.