## 14067.  MARSHALL v. AVERA.

1. Upon an issue formed upon a distress warrant and the defendant's counter-affidavit, evidence that the plaintiff as owner of certain land "rented" the land to the defendant for a stipulated proportion of the crops to be raised on the premises during the period of the alleged tenancy, and that the plaintiff had no supervision over the premises and took no part in the operation of the farm during that period, does not as a matter of law establish the relationship of landlord and cropper between the parties.

2. In such a suit, evidence offered by the plaintiff as to the value of certain crops raised by the defendant upon the premises during the period of the alleged tenancy was relevant for the purpose of determining the amount of rental due by the defendant, and was improperly excluded.

DECIDED MARCH 17, 1923.

Distraint; from Crawford superior court — Judge M. D. Jones. October 18, 1922.

C. E. Marshall instituted distress proceedings for rent against C. J. Avera, to which the defendant filed a counter-affidavit denying the indebtedness, and also denying the existence of the relationship of landlord and tenant between him and the plaintiff, but averring that the relationship between them was that of landlord and cropper.  The plaintiff testified, that he "rented" to the defendant and contracted with him "to rent to him for one fourth cotton, one third corn, peas, hay and other products except cotton; and I was to pay for one fourth of the fertilizer. . . I haven't got any rent from the proceeds of the cotton. . . I didn't have anything to do with the supervision of that farm or the operation of it. . . I haven't been on that place this year."  He testified also as to the value of certain portions of the crop raised upon the premises by the defendant.  The court granted a nonsuit, and the plaintiff excepted to this judgment, and to the exclusion of evidence showing the value of certain corn, watermelons, and other crops raised on the land by the defendant during the year for which rent was alleged to be due.

*O. C. Hancock, K. P. Lowe,* for plaintiff.

*D. W. McCoy, J. D. Hughes,* for defendant.

STEPHENS, J.  (After stating the foregoing facts.)

1. Is the evidence sufficient to authorize the inference that the relationship between the parties was that of landlord and tenant, or does it conclusively establish the relationship of landlord and cropper?  If the defendant was a cropper and not a tenant, the

suit being upon a distress warrant for rent, the plaintiff was properly nonsuited; but if the defendant was a tenant the nonsuit was improperly awarded. A contract by which the owner of land is to receive a certain proportionate part of the crop raised on the land by another person is not necessarily as a matter of law a contract creating the relationship of landlord and cropper, but may be a contract creating the relationship of landlord and tenant. Rent reserved under a contract of tenancy does not necessarily have to be a fixed amount, but may be an amount determinable by contingencies such as the amount of the crop raised on the land by the tenant. Where the owner has parted with the actual possession of the premises and surrendered such possession to another to be worked by the latter for farming purposes, and the latter agrees to pay a certain proportionate share of the crops raised on the premises, such an arrangement is consistent with the relationship of landlord and tenant, and the amount of the crop agreed to be paid to the owner, although contingent upon the yield of the land, is payable as rent. See, in this connection, *Souter* v. *Cravy*, 29 *Ga. App.* 557 (116 S. E. 231); *Scruggs* v. *Gibson*, 40 *Ga.* 511; *Almand* v. *Scott*, 80 *Ga.* 95 (4 S. E. 892, 12 Am. St. Rep. 241). It is inferable from the testimony adduced that the relationship of the parties was that of landlord and tenant and that the defendant was indebted to the plaintiff in a certain amount as rent, and a nonsuit was improperly granted.

2. In view of this ruling it was also error against the plaintiff to exclude the testimony offered by the plaintiff as to the value of certain crops raised by the defendant upon the premises during the term of the alleged tenancy.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*