13876. Farmers & Merchants Bank *v.* Hamilton.

Jenkins, P. J. Plaintiff sued in trover for the recovery of four bales of cotton represented by certain warehouse receipts which she alleged had been placed, by her instructions, in the defendant bank by her tenant, there to be held in trust for her benefit. According to her undisputed evidence, the receipts were to be turned over by the tenant, to the bank, to be held by it for her benefit. According to the tenant's evidence the bank was not informed of this arrangement at the time the receipts were delivered, but was simply requested to hold them a few days for the tenant. According to the evidence for the bank the receipts were delivered by the tenant to the bank to secure the payment of another note, which had been previously executed by the tenant, and which was then held and owned by the bank. The jury found in favor of the plaintiff. In the motion for

a new trial the defendant, in addition to the general grounds, excepts to certain excerpts from the charge of the court, and to the exclusion of certain evidence. *Held*:

1. A pledgee has such a special property in the thing pledged as will enable him to maintain an action in trover for its recovery or value from a third person who has wrongfully obtained possession or converted it to his own use. Civil Code (1910), § 3532; *Citizens Bkg. Co.* v. *Peacock*, 103 *Ga.* 171 (6); *Eplan* v. *Wheat*, 134 *Ga.* 511 (1 [a]); *Farmers Bank* v. *Bennett*, 120 *Ga.* 1012, 1014; *Norris* v. *Manget-Brannon Co.*, 18 *Ga. App.* 639.

2. The plaintiff, as a prior pledgee of the receipts, would be entitled to a verdict not exceeding the value of the property, at least to the extent of her debt. While the bank, in subsequently taking the receipts as a pledgee to secure a bona fide loan, would stand in the same position as a bona fide purchaser of the property itself (*Citizens Bkg. Co.* v. *Peacock*, supra; *Elder* v. *First. Nat. Bank*, 29 *Ga. App.* 455, 115 S. E. 922), the acquisition of such a title would not ordinarily divest the title of the true owner, since the general rule is that every man dealing with another in reference to property in his possession must take care, — " caveat emptor," — as " the property may be stolen, or borrowed, or pledged, or in the possession of a bailee for some specific purpose, and if so, the party in possession can convey no better or further right than he has himself." *First Nat. Bank of Macon* v. *Nelson*, 38 *Ga.* 391, 398 (1); *Savannah Bank & Trust Co.* v. *McQueen*, 149 *Ga.* 302 (1). The case cannot be taken from under this general rule by applying the law governing the pledge of promissory notes (Civil Code of 1910, § 3529), but even if it could, the plaintiff, as the prior bona fide holder thereof, by taking the same in lieu of her landlord's lien upon the property, would occupy the superior position in a contest between such holders. The doctrine that " when one of two innocent persons must suffer by the act of a third person, he who puts it in the power of the third person to inflict the injury must bear the loss " (Civil Code, § 4537), cannot be invoked in favor of the defendant, since it appears that when the bank acquired its security pledge of the receipts it did not part with anything of value, but merely took the receipts as a pledge to secure an already existing indebtedness.

3. The ground complaining that the verdict was without evidence to support it, because there was no testimony showing the value of the cotton, is without merit. While there was evidence showing the value of the cotton by the pound, the weights of the four bales do not appear in the record. However, the cashier of the defendant bank testified that the proceeds of the cotton, when sold and applied by it, paid about half of its note, and the tenant testified that $250.76 represented the balance remaining due on the note after the payment arising from the proceeds of the sale of the cotton. The jury was thus authorized to find the value of the cotton at the time of its sale by the bank to be $250.76, and to add thereto hire or interest to the date of trial. Although the original verdict of $403.66 was unauthorized by the evidence, the plaintiff having written off and

amended the amount to $200 to conform with the pleadings, the verdict for such reduced amount was not without evidence to support it.

4. The grounds of the motion for a new trial which complain of excerpts from the charge of the court stating the rule as to the amount of the plaintiff's recovery, in that the court did not instruct the jury that such recovery should be limited by the amount of the alleged debt of the tenant to the plaintiff pledgee, are meritorious and necessitate a new trial, on the theory that the evidence submitted by the defendant as to the nature and character of its own pledge, showing a privity in title with the tenant, might have been accepted by the jury  In an action by a pledgee against a *stranger* for the conversion of goods, the plaintiff is entitled to recover the full value thereof, upon the theory that plaintiff is answerable over to the pledgor for the surplus; but if the goods be converted by the pledgor or by any one acting in *privity* with him, the pledgee can recover only the value of his special interest in the goods pledged, which in this case would be the amount of plaintiff's debt with interest, as limited by the value of the property. Since, under the defendant's testimony, should it have been accepted by the jury, the defendant was not a stranger to the title, but in legal effect stood in the shoes of the pledgor, the plaintiff would have been limited by the actual amount of the indebtedness. If, however, the jury had rejected the evidence of the defendant and had accepted the evidence of the tenant denying any pledge to the defendant, so as to have made the defendant a stranger to the title, a recovery would have been authorized in the full amount of the value of the property at the time of the alleged conversion, plus interest or hire. *Citizens Bkg. Co.* v. *Peacock*, 103 *Ga.* 171 (6) (29 S. E. 752); *Bell* v. *Ober*, 96 *Ga.* 214 (1) (23 S. E. 7); *Way* v. *Bailey*, 18 *Ga. App.* 57, 58 (88 S. E. 799); 21 Ruling Case Law, 675 (§ 36); 31 Cyc. 847, 848; *Treadwell* v. *Davis*, 34 Cal. 601 (94 Am. Dec. 770 (4) ); *Pomeroy* v. *Smith*, 17 Pick. (34 Mass.) 85; *Baldwin* v. *Bradley*, 69 Ill. 32; *Brownell* v. *Hopkins*, (N. Y.) 4 Barb. 491; *Hudson* v. *Wilkinson*, 61 Tex. 606.

5. The court erred in refusing to permit the defendant to cross-examine the plaintiff for the purpose of proving that the debt represented by her pledge had been almost, if not entirely, paid. If the defendant had succeeded in showing that plaintiff's debt had become entirely extinguished, her cause of action would fail. *Citizens Bkg. Co.* v. *Peacock*, 103 *Ga.* 171 (5) (29 S. E. 752). If the jury had accepted the defendant's testimony as to the nature and character of its alleged pledge from the tenant, and it had succeeded in showing that the plaintiff's debt had been partly paid, the plaintiff could not have recovered more than the balance of the debt due her by the pledgor.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 14, 1923.

Trover; from city court of Sandersville — Judge Goodwin. July 1, 1922.

*E. W. Jordan,* for plaintiff in error.

*M. L. Gross,* contra.