14079.   ELLIS, McKINNON & BROWN v. HOPPS, trustee.

BELL, J.  This was an action of bail-trover, and the verdict was as follows:
"We, the jury find in favor of the defendant.  Giving defendant one
half hogs raised, and half of all the crop except corn that he is to
get two thirds.  This 25th day of August, 1922."  The plaintiffs ex-
cepted to the overruling of their motion for a new trial.  They alleged
that the relation between the original parties was that of landlord and
cropper.  The defendant denied this and contended that the relation
was one of landlord and tenant.  The same insistence was made by his
trustee in bankruptcy, the trustee having been made a party defendant
in lieu of the original defendant, who after answering the suit was
adjudged a bankrupt.  Under the evidence a verdict for either party,
upon this issue would have been authorized.  See, in this connection,
*Smart* v. *Hill*, 29 *Ga. App.* 400 (116 S. E. 66); *Souter* v. *Cravy*, 29 *Ga.
App.* 557 (1) (116 S. E. 231).  It was undisputed that under the agree-
ment each of the parties was to receive one half of the crops, whether
the original defendant was a cropper or a tenant.  It appears in the
record that neither party replevied the property, and that all but the
corn was sold under the provisions of section 5153 of the Civil Code
(1910), and the proceeds held by the sheriff pending the trial.  *Held*:

1. Regardless of whether the jury in any event would have been authorized
   to attempt the division of the property, the verdict is contrary to law
   because of the fact of the sale.
2. Where property after seizure in a bail-trover action has been sold by
   the sheriff under section 5153 of the Civil Code, " the plaintiff, in case
   of recovery, shall only be entitled to a money verdict for the amount
   of the proceeds of such sale, together with hire or interest from the
   date of conversion to date of seizure, if the jury so find."  *Smith* v.
   *Commercial Credit Co.*, 28 *Ga. App.* 403 (2, 3) (111 S. E. 210), and
   cases cited.  If the relation was one of landlord and tenant, the plain-
   tiffs, in the absence of a special contract providing otherwise, would
   have only a lien, and their action in trover would not be maintainable.
   In that event the verdict should have been generally in favor of the
   defendant.  Whatever the verdict may import, *if anything*, as to the
   jury's finding upon the question of the relation of the parties, it can-
   not stand.
3. " Where a landlord seeks by bail-trover against his cropper to recover
   property, the title to which the plaintiff holds merely as security for
   supplies furnished, or other debt, and he elects to take a money verdict,
   he can not recover more than the amount of the debt for which the
   property stands as security."  *Way* v. *Bailey*, 18 *Ga. App.* 57 (88 S. E.
   799).  If upon another trial the jury should find for the plaintiffs,
   any unpaid advances made by the plaintiffs to aid in making the par-
   ticular crops should be taken into account, and the rule above quoted
   will be applicable if the advances shall be less than the defendant's
   proper share of the proceeds of the sale, with interest or hire as pro-
   vided in section 5153, but in no event can the plaintiff recover more
   than the maximum allowable under the rule stated in paragraph 2.
4. The foregoing does not apply to the corn, which appears by the record

not to have been included in the sale. The cropper or tenant had delivered to the plaintiffs one third of the corn, and the plaintiffs sued only for a quantity representing the difference between one third and one half, contending that as to the quantity sued for the defendant had no interest. If the plaintiff should recover and elect to take a money verdict for the corn, the recovery therefor may be added to the sum recoverable under the rulings of the preceding paragraph, and included in the verdict; but the verdict as to the corn should be for the specific property, if the plaintiffs so elect.

5. There can be no recovery for the corn, if it shall appear that it had not been segregated from the other portion of the corn withheld by the defendant, the plaintiffs not suing for the whole. *Spikes* v. *Sassnett*, 19 *Ga. App.* 479 (1) (91 S. E. 789).

6. The defendant contended that the plaintiff contracted definitely to furnish 300 pounds of fertilizer per acre for the fertilization of the corn, and breached the agreement by furnishing none. On account of this alleged breach the defendant made the further contention that the plaintiffs were not entitled to one half of the corn, as by the agreement, but only to a third. In upholding this contention the verdict was erroneous. "'In an action to recover specific chattels, no counterclaim is possible, unless, perhaps, equitable relief may be awarded under some very exceptional circumstances.' Pomeroy, Code Remedies, § 767: *Harden* v. *Long*, 110 *Ga.* 392, 399 (36 S. E. 600)." *Youngblood* v. *Armour Fertilizer Works*, 23 *Ga. App.* 731 (1) (99 S. E. 314); *Bell* v. *Ober*, 111 *Ga.* 668 (3) (36 S. E. 904).

7. But since, in view of the sale, the plaintiffs in the next trial must elect a money verdict as to a part of the crops, the amount of their recovery, if the plaintiffs prevail, may be offset by any damage resulting to the opposite party by reason of any breach of the contract by the plaintiffs, if the breach be established and does *not appear to have been waived.* See *Way* v. *Bailey*, supra; *Holmes* v. *Langston*, 110 *Ga.* 861 (3) (36 S. E. 251); *Witt* v. *Nesar*, 145 *Ga.* 674 (3) (89 S. E. 747); *Cowart* v. *Dees*, 7 *Ga. App.* 601 (3) (67 S. E. 705).

8. The foregoing rulings, referring only to the crops, assume the relation created by the contract to be that of landlord and cropper. If the jury find that the relation was that of landlord and tenant, the verdict should be generally for the defendant.

9. Sections 3705, 3706, and 3707, of the Civil Code define the relations and rights of landlord and cropper only as to crops; crops are the product of the soil and do not include the increase of live stock. Where a landlord furnishes to a cropper live stock, the increase of which is to be raised by the latter on shares and to be divided equally between the parties, their relation with reference thereto is that of owners or tenants in common, and not that of landlord and cropper. Civil Code (1910), §§ 3723, 3724. The parties might by special contract agree that their respective rights regarding the property were to be identical with those obtaining in the case of crops produced under the relation of landlord and cropper, but this could not result merely by reason of the application of the above-mentioned statutes to the facts of this case.

10. The plaintiff's evidence would have authorized the inference of such a special contract, but the petition alleges only an agreement to divide *in kind*, and makes a case distinguishable from *Padgett* v. *Ford*, 117 *Ga.* 508 (2) (43 S. E. 1002), and cases there cited, wherein the labor of the employed was to be applied to personalty and to be compensated by a division of the *profits*. In the present form of the petition the plaintiff was not entitled to recover on account of the hogs, either in money or specifics. Considered as a whole, the petition fails either to show that the title to the entire property was in the plaintiffs, or to allege any facts sufficient to authorize an action of trover by one tenant in common against another. See *Hall* v. *Page*, 4 *Ga.* 428 (1); *Starnes* v. *Quinn*, 6 *Ga.* 84 (3); *Roddy* v. *Cox*, 29 *Ga.* 298; *Walton* v. *Henderson*, 4 *Ga. App.* 173 (1), 175 (61 S. E. 28); Civil Code (1910), §§ 3724, 3725. No decision is made upon the amendability of the petition. If the plaintiff should be able upon another trial to recover on account of the hogs, the recovery as to such as may have been sold with the other property under section 5153 will be limited according to the rulings of the above paragraphs 2 and 3.

11. While it was held by this court in *Traylor* v. *Epps*, 11 *Ga. App.* 497 (75 S. E. 828), that "the highest and best evidence that a named person is a duly authorized trustee in bankruptcy is a certified copy of the order approving the bond given by him as such trustee; and parol evidence is not admissible to prove that such a person is trustee in bankruptcy, over the objection that there is higher and better evidence," yet, it not appearing that any objection was made to the judgment making the trustee a party defendant instead of the original defendant, if it was error thereafter to overrule an objection to the admission in evidence of a certified copy of his appointment, upon the ground that it was not the best evidence, the error was harmless, even if also the objection to the proof of his qualification was not too late. See *Macon & Western R. Co.* v. *Davis*, 18 *Ga.* 679 (1); *Kenan* v. *DuBignon*, 46 *Ga.* 258 (2); *Merritt* v. *Cotton States Life Insurance Co.*, 55 *Ga.* 103 (3); *Fuller* v. *Wood*, 137 *Ga.* 66 (2) (72 S. E. 504).

12. "Where, under the terms of a contract between an owner of land and another who agrees to cultivate it on shares, the relation of landlord and cropper is created, the title to all crops grown on the land remains in the landlord until there has been an actual division and settlement whereby he receives in full his share of the produce." *DeLoach* v. *Delk*, 119 *Ga.* 884 (1) (47 S. E. 204). While trover is not maintainable by the landlord unless there is shown a conversion of the crops by the cropper (*Forehand* v. *Jones*, 84 *Ga.* 508, 10 S. E. 1090; *Visage* v. *Bowers*, 122 *Ga.* 760 (2), 50 S. E. 952, possessory-warrant case), it indisputably appears in the instant case that there had been no division or settlement, that the defendant was in possession of the property at the time of the filing of the suit, claiming adversely to the plaintiffs, as shown both in his answer and his evidence upon the trial, the unqualified contention of his evidence being that the relation between the parties was not that of landlord and cropper, but that of landlord and tenant. The necessity of proving a conversion was therefore dispensed with.

*Collins* v. *Hilton*, 27 *Ga. App.* 439 (2) (108 S. E. 824); *Smith* v. *Commercial Credit Co.*, supra.

13. A plaintiff in trover need not prove a demand when a conversion is otherwise shown, or when the necessity of proving a conversion is dispensed with. *Ocean Steamship Co.* v. *Southern States Naval Stores Co.*, 145 *Ga.* 798 (1) (89 S. E. 838).

14. The court charged the jury that " if you find, from all of the facts and circumstances in this case, that the relation of landlord and cropper did exist, and you find that all of the crop was on the premises where raised, and there had been no conversion, and no demand was made for a division or a surrender of the property, then and in that event the plaintiffs can not recover of the defendant the property sued for under this form of action." Under the rulings of the three preceding paragraphs, this charge was erroneous. The defendant being in possession and disputing the plaintiff's title, further proof of a conversion was dispensed with, and the charge therefore imposed upon the plaintiff an undue burden in the particular case.

15. That a judgment does not follow the verdict on which it is predicated is not a proper ground of a motion for a new trial, nor reviewable under the general grounds. " Such action might furnish ground for direct exception, motion to amend, or some other appropriate remedy, but it would be no cause for trying the case again before a jury." *Langdale* v. *Bowden*, 139 *Ga.* 324 (5) (77 S. E. 172).

16. The principal issue of the case involved the relation of the parties under the contract. Since the contract provided in any event for a division of the property, the effort at division as made by the verdict indicates nothing as to what was the finding of the jury in regard to the relation; and it does not otherwise sufficiently appear what they decided upon that question. The verdict should therefore be set aside for uncertainty, in addition to the other reasons. *Drury* v. *Holmes*, 145 *Ga.* 558 (89 S. E. 487).

> *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*
> DECIDED JUNE 25, 1923.

Trover; from city court of Jesup — Judge Clark. October 13, 1922.

*Gibbs & Turner,* for plaintiffs.

*James R. Thomas & Son,* for defendant.