15069. CONSOLIDATED COMPANY *v.* CITIZENS BANK.

JENKINS, P. J. 1. "To create a pledge or pawn, it is necessary that the property pledged shall be delivered into the possession of the pledgee, but delivery may be either actual or constructive; and when warehouse receipts for cotton are delivered in pledge, the effect of such delivery is to deliver the cotton itself. Where a warehouse receipt, acknowledging the receipt from a designated person of so much cotton 'subject to the presentation of this receipt only,' is delivered as collateral security, this is sufficient, though such receipt be not indorsed, to transfer the title and possession of the property represented. This is undoubtedly true if such be the intention of the parties. When such a receipt is delivered to another person as collateral security, upon such delivery the warehouseman, though he has no notice of the transfer, becomes the bailee of the person receiving such receipt as collateral security. . . The pledgee of a warehouse receipt given as collateral to secure the payment of a debt for money loaned to the pledgor has a special property

in the cotton represented by such warehouse receipt, and can maintain an action of trover against the warehouseman to recover the cotton represented in the receipt, when on demand the latter fails or refuses to deliver the cotton for which such receipt was issued." *Citizens Banking Co.* v. *Peacock*, 103 *Ga.* 171 (2-4, 6) (29 S. E. 752).

2. While delivery in pledge of such a warehouse receipt is constructive delivery of the cotton itself, and while in such a case the warehouseman will not be heard to say that the actual owner of the receipt is not the owner of the cotton which it represents, still, since the delivery of such a receipt amounts to no more than the delivery of the property which it represents, if a legal title to the receipt is not acquired by the pledgee, he acquires no better title to the property for which it stands, and stands in no better position, than if the pledgor had deposited another's cotton instead of another's warehouse receipt for cotton. *Booze* v. *Neal*, 6 *Ga. App.* 279 (64 S. E. 1104); *Sparta* v. *Butts*, 4 *Ga. App.* 308 (61 S. E. 298); *Lightsey* v. *Lee*, 8 *Ga. App.* 762, 764 (70 S. E. 179); *Elder* v. *First Nat. Bank of Jefferson*, 29 *Ga. App.* 455 (2) (115 S. E. 922).

3. In the instant case it was error to direct a verdict against the warehouse company in favor of the plaintiff pledgee bank, there being undisputed evidence going to show that at the time the warehouse receipts were pledged to the plaintiff the cotton which they represented had already been sold by the pledgor and delivered by the defendant warehouse company to the purchaser, and there being additional evidence for the defendant to the effect that the receipts themselves had also been surrendered to the defendant warehouse at the time of said sale. This is true for the reason that the subsequent pledge of the receipts to the bank under such circumstances would not divest the title of the warehouse company as the true owner of the receipts or of the property which they represented, "since the general rule is that every man dealing with another in reference to property in his possession must take care,— 'caveat emptor,'—as 'the property may be stolen, or borrowed, or pledged, or in the possession of a bailee for some specific purpose, and if so, the party in possession can convey no better or further right than he has himself.' *First Nat. Bank of Macon* v. *Nelson*, 38 *Ga.* 391, 398 (1); *Savannah Bank & Trust Co.* v. *McQueen*, 149 *Ga.* 302 (1). The case cannot be taken from under this general rule by applying the law governing the pledge of promissory notes (Civil Code of 1910, § 3529)" (*Farmers & Merchants Bank* v. *Hamilton*, 30 *Ga. App.* 194 (2), 117 S. E. 287), since "a warehouse receipt is a mere symbol of property. It is the shadow of an absent substance; and when it has passed from one hand to another, it is only symbolic of the property it represents; and if it represents no property, its holder has nothing but a mere piece of paper. That is the general character and effect of a warehouse receipt, just as of a bill of lading." *Planters Rice-Mill Co.* v. *Merchants Nat. Bank of Savannah*, 78 *Ga.* 574, 582 (3 S. E. 327). Nor does the act of 1887 (codified in section 3528 of the Code of 1910), which deals alike with the pledge of warehouse receipts and bills of lading, operate to change the rule, since, subsequently to the act of 1887, it was ruled in *Commercial Bank* v. *Armsby Co.*, 120 *Ga.* 74, 76 (47 S. E. 589, 65 L. R. A. 443), that as a general rule, the transferee of a bill of lading can obtain no better title to the goods which it covers than that which was

in the person by whom it was transferred. Indeed, it is a self-evident proposition that no man can convey that which he does not possess. See also *Raleigh & Gaston R. Co.* v. *Lowe*, 101 *Ga.* 320, which was a case dealing with a warehouse receipt. Thus, proof that the pledgor to the bank did not have title to the receipts or the property which they represented at the time the bank required them would be sufficient to defeat a recovery by the plaintiff against the true owner of the receipts, unless it be that the defendant warehouse, by its negligence in failing to take up the receipts upon the pledgor's previous sale and shipment of the cotton, had committed such a fraud upon the public and the plaintiff, by placing it in the power of the pledgor to defraud the bank, as would render it liable for that reason. Whether the defendant was guilty of negligence of such character as would constitute the proximate cause of the injury to the plaintiff would ordinarily constitute a question of fact for determination by the jury (see, in this connection, *Commercial Bank* v. *Armsby Co.*, supra; *Atlanta Nat. Bank* v. *Bateman*, 21 *Ga. App.* 624 (4), 94 S. E. 853), and for this reason the court should have allowed the defendant to show, if it could, that the receipts, after being surrendered to it, were abstracted from its office files.

*Judgment reversed. Stephens and Bell, JJ., concur.*

Decided April 19, 1924.

Trover; from city court of Carrollton—Judge Hood. September 11, 1923.

*S. J. Boykin, Boykin & Boykin,* for plaintiff in error.
*Smith & Millican,* contra.