16051.  BARNESVILLE BANK v. INGRAM.

JENKINS, P. J. 1. While the act of August 21, 1922, provides that "all crops, matured or unmatured, shall be and the same are hereby declared to be personalty," this statute in terms declares that "nothing in this act shall be construed to permit levies on unmatured crops, but such levies and sales are expressly forbidden except as is now provided by law." Ga. L. 1922, pp. 114, 115. Thus, as restricted by the provisions of section 6030 of the Civil Code of 1910, "immature crops can

not be levied on separately from the land on which they are growing, except where the debtor absconds or removes from the county or State." *Scott* v. *Russell*, 72 *Ga.* 35; *Bagley* v. *Columbus So. Ry. Co.*, 98 *Ga.* 626, 637 (25 S. E. 638, 34 L. R. A. 286, 58 Am. St. R. 325). But it has been long well settled that, "when such crops have matured and ceased to draw sustenance from the land, they become personalty," for the purpose of levy and sale. *Hamilton* v. *State*, 94 *Ga.* 770, 772 (94 S. E. 770). As to crops, such as cotton, which do not mature on the stalk at one time, but whose maturity is extended throughout the latter portion of the growing season, and where, in order to preserve that which has first matured, it is necessary to harvest it prior to the maturity of those portions of the crop which mature later, the rational construction of the statute would be, not that a levy must needs be deferred until the last gathering or remnant is ready to be harvested, and the bulk of the crop has been allowed to deteriorate, be wasted, or misapplied, but that the crop is subject to levy, and to be taken charge of by the levying officer to be gathered, whenever it has reached that stage of maturity when it is ready for harvesting to commence. The instant levy recites that it was made on "13 acres of cotton, more or less, in field," and "25 acres of corn, more or less, in field." The fodder was not levied on. The undisputed evidence showed that "at the time the levy was made," on August 27, the defendant "was pulling fodder, and that there was two or three hundred pounds of cotton open in the field, but none had been picked; that when the levy was made" the defendant "ceased to pull the fodder for a few days, . . and that the rest of the fodder burned up." The court held the levy as to both cotton and corn premature and void. Under the rules stated above, while the levy upon the crop of cotton was valid, the levy upon the corn, which it is conceded was immature, was void.

2. The evidence did not demand as a matter of law a finding that the relationship between the claimant of the property and the defendant in fi. fa. was one of landlord and tenant, but authorized, although it did not demand, a finding by the judge, trying the issues by agreement without a jury, that the relation was one of landlord and cropper. See *Almand* v. *Scott*, 80 *Ga.* 95 (4 S. E. 892, 12 Am. St. R. 241); *Marshall* v. *Avera*, 30 *Ga. App.* 79, 80 (116 S. E. 662); *Souter* v. *Cravy*, 29 *Ga. App.* 557 (116 S. E. 231).

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED AUGUST 21, 1925.

Levy and claim; from city court of Barnesville—Judge Redding. October 29, 1924.

*Dobbs & Barrett*, for plaintiff.

*B. H. Manry, Willingham & Willingham*, contra.