DECIDED AUGUST 31, 1932.

*P. Z. Geer,* for plaintiff in error.

*B. T. Castellow, solicitor-general, Bond Almand,* contra.

## 22422. SHEPARD *v.* THE STATE.

DECIDED AUGUST 31, 1932.

*Hugh E. Combs,* for plaintiff in error.

*Thomas B. Walton Jr., solicitor,* contra.

BROYLES, C. J.  The defendant was convicted of a misdemeanor under an accusation that charged him with unlawfully selling one bale of cotton, of the crop grown by him in the year 1929, without the consent of J. H. Scott, his landlord, and before the landlord had received his part of the entire crop and payment in full for all advances made to the defendant "as cropper in the year the crop was grown to aid in making it." The landlord testified as follows: "In the year 1929 Clay Shepard [the defendant] worked for me on my land as a cropper. The agreement between us was that I was to receive one fourth of the crop raised in said year. Clay Shepard sold and disposed of one bale of the cotton raised by him as said cropper, without my knowledge or consent, and before he had delivered to me my part of the entire crop and payment in full for advances which I had made to him in said year for the purpose of making the crop. I sustained a loss of about $75 through the sale and disposition of said cotton. In the early part of January, 1929, I paid and took up a note for about [the amount of the note is not given in the transcript of the witness' evidence] being held by the Washington Loan & Banking Co., which held a claim against a mule belonging to Shepard. I did this so that said Shepard might have said mule to make a crop. I made no advances to Shepard in 1929 except the taking up of the note against him and freeing his mule from the security lien. Shepard used this mule, his own, in making the crop, furnished his own fertilizer, fed himself, and furnished his own farm utensils."

The defendant could not legally be convicted of the offense charged unless the evidence showed that the relationship of landlord and cropper existed between him and his landlord. Was such relationship established by the landlord's testimony? We think not. His statement that Shepard worked for him "as a cropper" was a mere conclusion of his, and was not sustained by the facts recited in his testimony. The general rule is that where the relation of landlord and cropper exists the landlord furnishes not only the land, but also the stock, tools, and the supplies to make a crop. *Hancock* v. *Boggus,* 111 *Ga.* 884 (2) (36 S. E. 970). In the instant case the undisputed evidence of the landlord was that he furnished the land only, and that the defendant furnished every thing else. However, "the vital distinction [between the relationships of landlord and cropper and landlord and tenant] is in whether the

person making the crop does so as a laborer upon the premises *controlled by the landlord,* or whether he performs the work for himself upon premises over which *he has possession and control."* (Italics ours.) *Souter* v. *Cravy,* 29 *Ga. App.* 557 (116 S. E. 231). In the instant case the evidence is as silent as the grave as to whether the premises were controlled by the landlord, or whether the defendant had possession and control of them. It follows that the very material allegation in the accusation that the defendant grew the crop as the landlord's cropper was not supported by the proof, and the court erred in denying the defendant's motion for a new trial. Since the judgment is reversed upon the general grounds of the motion for a new trial, we consider it unnecessary to pass upon the special grounds.

*Judgment reversed. Luke and Hooper, JJ., concur.*